**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gerald BARNBAUM, Defendant—Appellant.**

No. 04–50254.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 27, 2005.

Daniel A. Saunders, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rudy Kraft, Esq., San Luis Obispo, CA, for Defendant—Appellant.

Before: T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Gerald Barnbaum appeals the 120–month sentence imposed following his guilty plea conviction for mail fraud, distribution of a controlled substance, using registration issued to another, and identity theft, in violation of 21 U.S.C. §§ 941(a)(1) & 843(a)(2), and 18 U.S.C. §§ 1341, 2(b) & 1028(a)(7). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellant contends that the district court did not make the findings mandated by *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), to justify its upward departure. We disagree. The record is clear that the district court found this an "extraordinary case," gave thoughtful consideration to the issue and departed upward for the reasons stated in the government's brief, which it incorporated. *See id.* at 93–94, 98 (recognizing that a district court may depart in an atypical case if it finds that certain aspects of the case take it outside the heartland).

Appellant also contends that this case should be remanded pursuant to *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) because he was sentenced under the mandatory guidelines. We disagree. Although upward departures are subject to a *Ameline* analysis, see *United States v. Kortgaard,* 425 F.3d 602 (9th Cir.2005), we affirm the sentence because this is one of those rare situations where the record is clear that the district court would impose the same sentence knowing the guidelines were advisory. *See United States v. Ameline,* 409 F.3d 1073, 1083 (9th Cir.2005) (en banc) ("the limited remand is invoked only when it cannot be determined from the record whether the judge would have imposed a materially different sentence had he known that the Guidelines [were] advisory rather than mandatory") (en banc). Based on our review of the record, we conclude the district court was quite firm regarding the sentence it wanted to impose and that Barnbaum's sentence would not be materially different had the district court known the guidelines were advisory. Accordingly, we affirm.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

